*[No. 5477. Decided March 7, 1906.]

VAN R. PIERSON, *Respondent,* v. JOHN PEIRCE, *Appellant.*[1]

APPEAL AND ERROR—DISMISSAL—BONDS—AMOUNT OF SUPERSEDEAS BOND—MONEY JUDGMENT—INTERPLEADER. In an action of interpleader to recover a deposit in a bank, in which the money in controversy was deposited with the clerk of the court and judgment was entered ordering the clerk to pay it to the plaintiff, an appeal bond, conditioned also to effect a supersedeas, in a sum fixed by order of court, but less than double the amount of the judgment, is sufficient to give the supreme court jurisdiction of the appeal, inasmuch as it is for the recovery of specific personal property (overruling *Id.*, 37 Wash. 443).

CONTRACTS — PLEADINGS — INTERPLEADER — SUFFICIENCY OF COMPLAINT. In an action to recover a sum of money deposited in bank to be paid to the plaintiff upon the performance by him of a contract, a complaint setting up the contract, the performance thereof, and which states a cause of action against the bank is sufficient without amendment to state a cause of action against the other parties to the contract, who were required to interplead, upon the bank's disclaiming title and paying the money into court for the use of the parties entitled thereto.

CONTRACTS—EVIDENCE—VARYING WRITING BY PAROL. Where a written contract plainly recites that the first payment is to be deposited in a bank subject to the order of the first party, upon his part performance of a contract, and plainly advises the bank of its

1Reported in 84 Pac. 731.

duty in the premises as to the payment, oral evidence is inadmissible as to what was said at the time the contract and money were delivered to the bank.

CONTRACTS—RESCISSION—PERFORMANCE — EVIDENCE — SUFFICIENCY. There is sufficient evidence to support findings of fact to the effect that a contract for the sale of mining property had been performed by the vendor by offering a conveyance of sufficient title, where it appears that the vendees examined the papers, were perfectly satisfied, and took possession and worked the property until ordered out for failure to make payments due on the contract.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—BAD FAITH ON EXECUTION OF CONTRACT. In an action upon contract to recover a sum deposited by the vendees as a forfeit, on the failure to purchase mining property sold by the plaintiff, in which there was a finding in favor of the plaintiff, it is proper to deny a new trial on the ground of newly discovered evidence of bad faith in that the appellant first ascertained at the trial that his co-vendee was paid a commission on the sale, where there is no clear showing that the vendor sought to gain any advantage thereby or that the property was worth less than the purchase price, or that a different result would be probable on a new trial.

Appeal from a judgment of the superior court for King county, Bell, J., entered May 13, 1904, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, ordering the payment to the plaintiff of money in court, in an action of interpleader. Affirmed.

*Jerold Landon Finch,* for appellant.

*W. E. Humphrey* and *Edward Von Tobel,* for respondent.

Mount, C. J.—This action was brought against the First National Bank of Seattle, to recover the sum of $2,500, which was alleged to have been deposited with said bank to be paid to the plaintiff upon the failure of J. M. Starbuck and John Peirce to pay the purchase price of a mine which they had agreed to buy. The complaint set out the contract as follows:

"This agreement, made and entered into on this 19th day of March, 1902, by and between Van R. Pierson, of Seattle, Washington, party of the first part, and J. M. Starbuck and

John Peirce, parties of the second part, to wit: That party of the first part agrees to convey with good and sufficient title from the owners, all their right, title and interest in and to the lands, and all appurtenances thereunto belonging, now owned and operated by Messrs. F. Jacobson, John Eek and Reginald Talbot, held under lease from the British Crown, and commonly called and known as two placer claims of eighty acres each on the beach of Wreck Bay, on the west coast of Vancouver Island, B. C., said title to be placed in escrow with the First National Bank of Seattle, Washington, within thirty days from the date hereof, for the consideration of $35,000, on the following terms: $10,000 to be paid in cash within thirty days from the date of this agreement, and the remaining $25,000 to be paid from gold as taken from the property, equal to forty per cent of all the gold taken out, which is to be applied until the full amount of the purchase price is paid, when title papers are to pass to the party of the second part. Said party of the second part hereby agrees with the party of the first part upon the signing of these papers, to place in the First National Bank of Seattle, Washington, the sum of $2,500, which amount shall be subject to the order of the party of the first part upon delivering the above mentioned title papers as an escrow to the above named bank, the above named and mentioned $2,500 to be deducted from the first payment of $10,000, it being understood and agreed that if the second party fails to pay the full payment of $10,000 within the specified time, to wit, within thirty days from the date hereof, that the amount deposited shall be forfeited to the party of the first part. But if the party of the first part fails to deliver the title papers to the satisfaction of the party of the second part and complete the escrow, the $2,500 on deposit with the First National Bank shall be delivered to the party of the second part. It is hereby agreed that the parties of the second part shall faithfully and continuously work the property for at least six months each year until the full amount of the purchase price has been paid. And it is further agreed that if the party of the second part fails to do the work as required by the terms of the government lease, then the party of the first part shall have full power and privilege to carry on said work, and the party of the second part thereby forfeit all

right, title and interest in said property, and voids this contract, time being the essence of this agreement. Van R. Pierson, J. M. Starbuck, John Peirce.

"Witness: G. F. Turner."

The complaint alleged that the bank, with full knowledge of all the terms of the contract, accepted the deposit of $2,500, which it agreed to pay to the plaintiff as soon as plaintiff had performed his part of the contract, and upon the failure of Starbuck and Peirce to make the first payment as agreed. It then alleged performance on the part of the plaintiff, and the subsequent failure and refusal to perform on the part of Starbuck and Peirce, and alleged a demand for the money, and, also, that the owners of the mine had assigned all their interest in and to the $2,500 to the plaintiff, and prayed for the said sum of money.

The bank appeared in the action and filed an affidavit under the provisions of Bal. Code, § 4842, denying any claim to the money, and applied for an order of the court permitting the defendant bank to pay the money into court for the benefit of the parties which the court should find were entitled to it. An order was thereupon made, permitting the bank to pay the money to the clerk of the court and dismissing the bank from the case, and directing that a summons be served upon the said J. M. Starbuck and John Peirce, as substituted parties defendant. The bank then paid the money into court. These defendants Starbuck and Peirce thereupon voluntarily appeared in the action, without service of summons, and demurred to the complaint. Their demurrer was overruled. They then answered the complaint, denying all the allegations thereof, except the making of the contract, and alleged that the plaintiff failed to comply with the terms of the contract to be performed by him; that, after the time for conveying title had expired, as provided in the contract, they demanded from the bank the return of the $2,500, which demand was refused. The prayer of the answer was for an

order upon the clerk to pay the money to the substituted defendants.

On these issues, a trial was had to the court without a jury. Findings of fact were made in favor of the plaintiff, and a judgment was entered directing the clerk to pay the deposit of $2,500 over to the plaintiff. After a motion for a new trial was denied, the defendant Peirce appealed, and upon his application the court fixed the amount of a supersedeas bond at $500. The appellant gave a bond in the sum of $800, conditioned both as a stay and an appeal bond. Respondent moved this court to dismiss the appeal, upon the ground that the bond is insufficient to give the court jurisdiction. We heard the motion and, on March 11, 1905, filed an opinion dismissing the appeal upon the ground stated. *Pierson v. Peirce*, 37 Wash. 443, 79 Pac. 1003. Subsequently a petition for rehearing was filed and granted, and we now come to reconsider the case.

The question upon the motion to dismiss turns upon whether or not the judgment is one for money, within the meaning of the statute which provides that "the bond, where the appeal is from a final judgment for the recovery of money, shall be in a penalty double the amount of damages and costs recovered in such judgment, and in other cases shall be in such penalty not less than $200, . . . as a judge of the superior court shall prescribe." Bal. Code, § 6506. The judgment itself recites:

"It is ordered, adjudged and decreed that the said plaintiff is the owner and entitled to the possession of the said sum of $2,500, now in the possession of the clerk of this court, deposited in the above entitled case by the original defendant herein, the First National Bank of Seattle. It is further ordered and decreed that the substituted defendants have no interest whatever in said sum of $2,500. It is further ordered, adjudged and decreed that the clerk of this court pay over and deliver to the said plaintiff said sum of $2,500 now in his hands in this case."

The form of this judgment is the one ordinarily used for the recovery of specific personal property; but whatever may have been the form, we think the facts in the case show that the action was for the recovery of specific personal property, and the form of the judgment only goes to show how the court and the parties themselves viewed the character of the action. The confusion in the case arises by reason of the fact that the specific property sought to be recovered in the case is money. If the property had been any other character of personal property, it is clear that it would not be held to be a judgment for money, but would clearly be a judgment for the delivery of the property itself, and would fall within the provision of the statute denominated "other cases." The judgment did not command the defendants to pay money or damages, but directed the clerk in whose possession the money was to turn the same over to the plaintiff. A stay of the judgment merely left the money with the clerk, without the control or use by either of the parties to the action. If the judgment had been one against the defendants for the recovery of $2,500, without specifying any particular money, it would no doubt have been a "final judgment for the recovery of money," within the meaning of the statute; but where, as here, the judgment is an order against a third party to deliver a specific deposit in his possession, it must be treated as a judgment for the delivery of specific personal property, notwithstanding the property is in fact money. For these reasons we have concluded that we were mistaken in our former view where we held that the judgment was a judgment for the recovery of money. The motion to dismiss is therefore denied.

Upon the merits of the case, appellant contends that the complaint does not state a cause of action against the defendants interpleaded. But it certainly states a cause of action against the bank for the $2,500. The bank came into court and confessed that it had that amount of money which

did not belong to it, and which belonged either to the plaintiff or the defendants interpleaded, both of whom were demanding the money. It desired to pay the money, and did pay it into court for the party lawfully entitled to it. If the facts stated in the complaint were true, the plaintiff was entitled to the specific money which was brought into court, as well against the substituted defendants as against the bank. The complaint contained a plain and concise statement of the facts upon which plaintiff relied. The facts were stated in traversable form, which is all that is required. The fact that the money which plaintiff sought to recover from the bank was paid into court and was claimed by other parties did not require an amendment of the complaint, if the facts upon which plaintiff relied were the same against the substituted defendants as against the bank. It is clear that the facts were the same in this case. The plaintiff's title to the money depended upon the fulfillment of the terms of his contract. If those terms were complied with, plaintiff was authorized to receive the money, both as against the bank and against the defendants; otherwise not. This was the only question to be tried under the pleadings, and it was a very simple one. The complaint was sufficient, and the demurrer was properly overruled.

Appellant alleges error of the trial court in refusing oral evidence of what was said at the time the contract and money were deposited at the bank. The contract itself shows the purpose of it and was the best evidence of the object for which it was made. When the bank received the contract and the money accompanying it, and knew the contents of the contract, which were perfectly clear, it was clearly advised by the writing as to its duties in the premises, and oral evidence was therefore inadmissible to contradict or vary the terms of the written agreement. The testimony is clear that the bank understood from the written contract the intention of

the parties to the transaction. For this reason the offered evidence was properly rejected.

Appellant also contends that the court erred in making its findings of facts. While there is some dispute as to whether the defendants were satisfied with the papers showing the title to the mines, yet the evidence shows that appellant examined the papers and made inquiries as to the validity of the leases, and was apparently satisfied therewith, and took possession of the mines and continued in possession, until ordered out by respondent because of failure to make payment as provided in the agreement. There was also some evidence to the effect that the reason why the defendants did not comply with the contract was on account of an inability to make the first payment of $10,000 when it became due, and not because of any defect in the conveyance of title. The whole evidence convinces us that the findings made by the court were in accord with the facts.

Appellant alleges that the court erred in refusing a new trial. The motion for a new trial was based upon the fact that during the trial it first appeared that the plaintiff had agreed with the defendant Starbuck that he should be allowed a commission on the sale, if it should be consummated, but there is no clear showing that respondent sought to gain any advantage over the appellant in the transaction, or that the result of the case would probably be different on a new trial, or that the mining claims were not worth the full purchase price agreed upon. The mere fact that one of the defendants was to receive a commission on the sale was probably some evidence of bad faith between the defendants, but was insufficient to warrant a new trial.

We find no error in the record. The judgment is therefore affirmed.

CROW, HADLEY, FULLERTON, and ROOT, JJ., concur.