[No. 6284. Decided July 17, 1906.]

F. B. Lazier, *Respondent,* v. R. W. Cady *et al., and* L. H. Higgins, *Intervener, Appellants.*[1]

Appeal—Bonds and Supercedeas—Amount—Sufficiency. Separate appeals by defendants claiming $7,000 in the hands of a co-defendant, a stakeholder, who made no claim to the money and took no appeal from a judgment for plaintiff directing payment of the money into court, and its further disposition, do not affect that part of the judgment directing the stakeholder to pay the same into court; hence appeal and supersedeas bonds in the sum ordered by the court, $1,200, are sufficient to stay the other parts of the judgment, and to give the supreme court jurisdiction of the appeal.

Motions to dismiss appeals from a judgment of the superior court for Pierce county, Huston, J., entered March 19, 1906. Denied.

*Ellis & Fletcher,* for appellant Cady.

*Charles O. Bates,* for appellant Higgins.

*H. H. Johnston* and *Wm. L. Waters,* for respondent.

Rudkin, J.—The facts in this case, so far as material to a proper understanding of the motions interposed to dismiss the appeals, are these: On the 20th day of January, 1906,

1Reported in 86 Pac. 209.

the defendant Cady, acting for himself and for the plaintiff
Lazier, procured an option for the purchase of a tract of tide
land for the sum of $20,000. During the life of this option,
Cady resold the land to the defendant Alexander for the sum
of $35,000, realizing a net profit on the resale of $14,000 over
and above commissions. This action was brought by Lazier
to recover from Cady the sum of $7,000, being one-half the
profits arising from their joint investment. Alexander, the
purchaser from Cady, was made a party defendant, appar-
ently because he still retained in his possession a portion of
the purchase price. L. H. Higgins intervened in the action
and claimed the same $7,000, through some arrangement with
Cady, but the exact nature of his claim does not appear in
the record before us. During the progress of the trial, it
appeared that the Fidelity Trust Company was the custodian
of the deed from Cady to Alexander, which was to be de-
livered to the latter upon the payment of the $7,000 in con-
troversy. Upon this fact appearing, the Trust Company was
made a party defendant by order of the court.

With these parties before it, the court entered its decree,
the material parts of which are as follows: (1) That the de-
fendant Alexander forthwith pay into the registry of the court
the sum of $7,000; (2) that the clerk pay this money over to
the plaintiff upon the receipt of the same from Alexander;
(3) that the Fidelity Trust Company deliver the Cady deed
to Alexander upon the payment of the money into court;
(4) that the clerk pay over to the plaintiff the further sum
of $950 which had theretofore been deposited in court by the
intervener, and (5) that the intervener take nothing by the
action. The intervener appealed from the judgment and de-
cree in favor of the plaintiff and against the intervener, and
from every part thereof. The defendant Cady likewise ap-
pealed from the judgment and decree in favor of the plaintiff
and against the defendant Cady, and from every part thereof.
Each of these appellants applied to the court to fix the amount
of the supersedeas bond pending the appeal, and as to each the

amount of the bond was fixed in the sum of $1,000. Thereupon each appellant filed a bond in the sum of $1,200 conditioned both as a cost and a supersedeas bond.

The respondent now moves to dismiss these appeals for the reason that the bonds are insufficient in substance to render the appeals effectual. The theory or claim of the respondent is that the order directing the defendant Alexander to pay the sum of $7,000 into court is in effect a personal judgment for that amount, and that to stay execution on such judgment would require a bond in the sum of $14,000. We are not called upon at this time to determine whether such an order may be enforced by execution, or whether it can only be enforced by proceedings as for a contempt, as that question does not arise at this time. So far as the record before us discloses, the defendant Alexander was no party to the controversy between the different claimants to the fund in his hands. He was simply a stakeholder, holding the fund subject to the order of the court. The court transferred the fund from his hands into the registry of the court, and he took no appeal from that part of the judgment.

We are, therefore, of opinion that that portion of the judgment directing the payment of the money into court is not affected by the appeals or superseded by the appeal bonds, and that the respondent is at liberty to enforce that portion of the judgment notwithstanding the appeals or the appeal bonds. In other words, the bonds only stay proceedings on that part of the judgment directing the payment of the fund in controversy to the respondent out of the registry of the court, and in this view the case is controlled by the decision of this court in *Pierson v. Peirce,* 42 Wash. 164, 84 Pac. 731.

The motions to dismiss are therefore denied.

MOUNT, C. J., FULLERTON, HADLEY, DUNBAR, CROW, and ROOT, JJ., concur.